UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUAN CABRALES, individually and on behalf of all others similarly situated, | § § § § | |
| Plaintiff, | § § | Civil Action No. 3:20-CV-01703-X |
| v. | § § | |
| MIDLAND CREDIT MANAGEMENT, INC. | § § § § | |
| Defendant. | § | |

## ORDER COMPELLING ARBITRATION

Defendant Midland Credit Management, Inc. ("MCM"), an affiliate of Midland Funding, LLC ("Midland"), filed a Motion to Compel Arbitration and Dismissal of Complaint pursuant to the Federal Arbitration Act.[1] MCM also moved to stay discovery and other proceedings pending resolution of that motion.[2] For the reasons outlined below, the Court **GRANTS** the motion to compel arbitration, **DENIES WITHOUT PREJUDICE** the motion to dismiss, and **DISMISSES AS MOOT** the motion to stay discovery.

I. Background

In June 2020, Cabrales filed a class-action complaint with the Court seeking actual and statutory damages against MCM, a debt collector who had purchased a

---

[1] 9 U.S.C. § 3–4. **[Docs. 10–12].**

[2] **[Doc. 13].**

credit card account Cabrales previously opened.³ He brought the complaint on behalf of individuals with Texas addresses to whom Midland sent a specifically-worded debt collection letter within a span of time.⁴ Cabrales argued that Midland's letter falsely represented that a judgment existed against him regarding his credit card account—a violation of the Federal Debt Collection Practices Act.⁵

MCM answered the complaint⁶ and shortly thereafter filed the motions to compel arbitration, dismiss the case, and stay discovery that are now before the Court.⁷ Essentially, MCM argued that Cabrales signed an agreement when opening his credit account that included (1) a clause compelling arbitration of any dispute or claim "if it relates to [the] account" (with several narrow exceptions) and (2) a class-action waiver.⁸ According to MCM, Cabrales's claims fit neatly within this arbitration clause, and arbitration must be on an individual basis due to the class action waiver.⁹

Cabrales responded that under Utah law¹⁰ only parties to a contract may generally enforce its rights and obligations. According to Cabrales, MCM is at best an agent to a principal to his credit card agreement, and such agents can't enforce

---

³ **[Doc. 1].**

⁴ ***Id.***

⁵ 15 U.S.C. § 1692e, e(2), e(10).

⁶ **[Doc. 8].**

⁷ **[Doc. 10–13].** MCM filed their motion to compel and dismiss in the same document.

⁸ **[Doc. 12] at 102.**

⁹ **[Doc. 11].**

¹⁰ The credit card agreement Cabrales signed includes a provision stating that Utah state law governs the agreement and the account. ***See* [Doc. 12] at 102.**

contractual terms for their own benefit.[11]   MCM replied that Cabrales had fundamentally misunderstood the record.  They claimed they were not an agent but the owner of Cabrales's debt, and as such they could enforce the agreement.[12]

## II. Legal Standard

Absent legal constraints, the Court must grant a motion to compel arbitration if (1) a valid agreement to arbitrate between the parties exists, and (2) the dispute in question falls within the scope of the arbitration agreement.[13]  The Court must resolve all scope-related doubts in favor of arbitration.[14]

## III. Analysis

First, the Court must determine whether MCM and Cabrales have a valid agreement to arbitrate.  On this point, MCM's reading of Cabrales's credit card agreement is correct.  The record demonstrates that Cabrales originally signed his credit card agreement with Synchrony Bank, who sold and assigned the account to Midland Funding, LLC (an affiliate of MCM).[15]  After sending the letter Cabrales complains of, but prior to Cabrales's suit, Midland Funding sold and assigned Cabrales's account to MCM.[16]  As current owner of Cabrales's account, MCM may "stand in the shoes" of the original party to the credit card account agreement and

---

[11] *See Belnap v. Iasis Healthcare*, 844 F.3d 1272, 1297 (10th Cir. 2017).

[12] *See FDIC v. Bledsoe*, 989 F.2d 805, 809 (5th Cir. 1993) (finding that "[a]n assignee stands in the shoes of his assignor" with respect to contracts).

[13] *See Brown v. Pac. Life Ins. Co.*, 462 F.3d 384, 389 (5th Cir. 2006).

[14] *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth. Inc.*, 473 U.S. 614, 626–28 (1985).

[15] **[Doc. 12] at 6, 10.**

[16] *Id.* **at 90–91.**

enforce Synchrony Bank's rights—including the provisions compelling arbitration and prohibiting class action suits—in disputes involving the contract.[17]

Prong two is trickier.  Originally, Cabrales brought debt collection claims within the guise of a class action.[18]  The Court must therefore determine whether debt collection claims regarding debt collection activity on a credit card account fall within the scope of an arbitration clause covering all disputes relating to the account.

When confronting a similar question, the Fifth Circuit ruled that debt collection claims about debt collection efforts on loan agreements fell squarely under an arbitration clause that covered disputes "arising from or relating to [the] Agreement or the relationships which result from this Agreement . . . ."[19]  In that case, the plaintiff's debt collection claims fell under the arbitration provision because "without the Loan Agreement, there would be no loan for [the defendant] to service, and no party argues to the contrary."[20]  The same logic applies here.  Absent a credit card agreement, there would be no credit account, and therefore no dispute over debt collection regarding the account.  Because "any doubts concerning the scope of

---

[17] This has long been the rule in federal courts. *See FDIC*, 989 F.2d at 809; *see also Cadle Co. v. 1007 Joint Venture*, 82 F.3d 102, 105 (5th Cir. 1996) (noting that "common law speaks in a loud and consistent voice: [a]n assignee stands in the shoes of his assignor[]"); *Denver U. S. Nat'l Bank v. Asbell Bros. Constr.*, 294 F.2d 289, 290 (10th Cir. 1961) (ruling that an assignee of unpaid claims "simply stands in the shoes of" the assignor with respect to all contractual rights it possesses).

[18] **[Doc. 1].**

[19] *Sherer v. Green Tree Servicing LLC*, 548 F.3d 379, 380, 382 (5th Cir. 2008).

[20] *Id.*

arbitrable issues should be resolved in favor of arbitration," the Court holds that the debt collection claims Cabrales brings are arbitrable individually.[21]

IV. Conclusion

The Court therefore **GRANTS** the motion to compel arbitration of Cabrales's claims on an individual basis.  Accordingly, the Court **DENIES WITHOUT PREJUDICE** MCM's motion to dismiss, **ADMINISTRATIVELY CLOSES** this case, and retains jurisdiction over future arbitration award disputes.  The Court will reopen the case upon further motion by the parties.  The Court **DISMISSES AS MOOT** MCM's motion to stay discovery.

**IT IS SO ORDERED** this 7th day of October, 2020.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[21] The terms of Cabrales's credit card agreement clearly forbid Cabrales from "participat[ing] in a class . . . action against [the account owner] in court or arbitration." **[Doc. 11] at 102.**